Dickey James **JOHNSON,**
Petitioner–Appellant,

v.

G.J. **GUIRRINO, Warden, Respondent–**
Appellee.

No. 02–55170.

D.C. No. CV–01–01404–MLR.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 24, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

California state prisoner Dickey James Johnson appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction and life sentence for first-degree murder and kidnaping. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), we vacate and remand.

The district court dismissed the instant petition, Johnson's second, as time-barred. Johnson contends this dismissal was erro-

---

* This panel unanimously finds this case suitable for decision without oral argument and denies Johnson's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

neous because he is entitled to equitable tolling under two theories. First, Johnson claims he should receive equitable tolling because of counsel's delay in sending him state court records. However, Johnson has not explained how the lack of records made him unable to file a timely petition. Therefore, we agree with the district court that Johnson is not entitled to equitable tolling on this ground. *See Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530, 541 (9th Cir.1998) (en banc) (stating that equitable tolling is available when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (internal quotation marks omitted), *abrogated in part on other grounds by Woodford v. Garceau,* —— U.S. ——, 123 S.Ct. 1398, 1403, 155 L.Ed.2d 363 (2003).

Second, Johnson contends that he is entitled to equitable tolling because the district court did not advise him of the federal statute of limitations when it granted his motion for voluntary dismissal of his first federal petition, which contained exhausted and unexhausted claims. *Cf. Ford v. Hubbard,* 330 F.3d 1086, 1102 (9th Cir.2003) (concluding that a second petition relates back to a first petition when the district court improperly dismissed the first petition without explaining the prisoner's options and the possible consequences). Because *Ford* was decided after the district court ruled in this case, we vacate the dismissal and remand for consideration of whether, in the circumstances of this case, Johnson's petition is timely under *Ford.*

**VACATED AND REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.