**John Leslie BORG, Petitioner—Appellant,**

v.

**Theodore WHITE, Warden, Respondent—Appellee.**

No. 03–15506.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2004.

Decided March 24, 2004.

Quin Denvir, Esq., David M. Porter, Esq., FPDCA—Federal Public Defender's Office (Sacramento), Sacramento, CA, for Petitioner–Appellant.

Shirley A. Nelson, Esq., Erik R. Brunkal, AGCA—Office of The California Attorney General (SAC), Department of Justice, Sacramento, CA, for Respondent—Appellee.

Before HALL, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Petitioner John Leslie Borg appeals from the district court's denial of his petition for habeas corpus. We affirm.

1. We need not decide whether AEDPA applies, that is, whether the original unsigned petition or the later signed petition commenced the proceeding. *Woodford v. Garceau,* 538 U.S. 202, 210, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). That is so because our decision would be the same whichever standard of review we employ.

2. Trial counsel's failure to file a third motion for change of venue, after voir dire, did not fall below an objective standard of reasonableness, the first prong of *Strickland v. Washington,* 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel vigorously pursued a change of venue, developed and introduced substantial evidence in support of two motions for change of venue, and litigated the matter—albeit unsuccessfully—all the way to the California Supreme Court, twice. Voir dire did not reveal information that would have improved the record that counsel already had made on the change-of-venue question. Particularly in view of counsel's apparent judgment that the petit jurors were actually fair (he did not use all available peremptory challenges) and of clear Supreme Court precedent that publicity alone does not rebut the presumption of impartiality, *Irvin v. Dowd,* 366 U.S. 717, 722–23, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), trial counsel made a reasonable decision not to file a futile motion.

3. The trial court's refusal to hold a hearing to inquire into Petitioner's alleged conflict with his trial counsel did not violate Petitioner's right to counsel. Petitioner wrote the court a letter, praising his lawyer but listing 11 concerns about the progress of the case. The California courts held that the letter was not a *Marsden* motion. *See Schell v. Witek,* 218 F.3d 1017, 1021 (9th Cir.2000) (en banc) (explaining nature of motion). That holding is conclusive with respect to state law.

Even viewing the letter independently, we conclude that it sought an additional lawyer, not a substitute lawyer. Nor does the record reveal a conflict between Petitioner and trial counsel that prevented effective assistance, *see id.* at 1026 (stating standard), or an inability of counsel to provide effective assistance without the appointment of an additional lawyer.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.