Jose Jesus MALDONADO,
Petitioner–Appellant,

v.

Edward S. ALAMEIDA, Jr., Warden,
Respondent–Appelle.

No. 03–55714.
D.C. No. CV–02–01253–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted March 30, 2004.[*]

Decided April 13, 2004.

---

[*] The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

Allen Bloom, Attorney at Law, San Diego, CA, for Petitioner–Appellant.

Robert M. Foster, Pat Zaharopoulos, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM**

Jose Jesus Maldonado appeals the district court's denial of his petition for habeas corpus. *See* 28 U.S.C. § 2254(d). We affirm.

We apply the strictures set forth in 28 U.S.C. § 2254(d)-(e) when we consider Maldonado's claims. That means that relief could be granted only if Maldonado were able to show that the decisions of the state courts were: either contrary to or an unreasonable application of federal law as declared by the Supreme Court; or based on an unreasonable determination of the facts. *See id.; Price v. Vincent,* 538 U.S. 634, 123 S.Ct. 1848, 1852–53, 155 L.Ed.2d 877 (2003); *Lockyer v. Andrade,* 538 U.S. 63, 73–76, 123 S.Ct. 1166, 1173–75, 155 L.Ed.2d 144 (2003); *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

▇ (1) Maldonado asserts that because gang behavior testimony is irrelevant, the state courts violated his constitutional due process rights when they allowed its admission. We disagree. Assuming that the Supreme Court has spoken on the matter of admission of irrelevant evidence,[1] we are unable to say that the evidence was entirely irrelevant to the issue of aiding and abetting. It explained the actions of Maldonado and his cohorts as observed by witnesses. Nor was counsel ineffective for failing to raise the issue at trial. The issue has no merit, and, in any event, counsel did raise California Evidence Code § 352 objections, which required the trial court

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This is a very big assumption. *See Estelle v. McGuire,* 502 U.S. 62, 70, 112 S.Ct. 475, 481, 116 L.Ed.2d 385 (1991); *Garceau v. Woodford,* 275 F.3d 769, 774–75 (9th Cir.2001), *rev'd on other grounds,* 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003); *McKinney v. Rees,* 993 F.2d 1378, 1380 (9th Cir. 1993).

to balance probative value against undue prejudice.[2]

■ (2) Maldonado next contends that his due process rights were violated because the state trial court did not give a second degree murder instruction. But there is no clearly established Supreme Court law that requires the giving of a lesser included offense instruction in cases other than capital cases. *See Solis v. Garcia,* 219 F.3d 922, 929 (9th Cir.2000); *Turner v. Marshall,* 63 F.3d 807, 819 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page,* 182 F.3d 677, 685 (9th Cir.1999) (en banc). Maldonado asserts that second degree murder is not a lesser included offense at all, but the California courts do not agree with him. *See People v. Barton,* 12 Cal.4th 186, 195 & n. 4, 906 P.2d 531, 535 & n. 4, 47 Cal.Rptr.2d 569, 573 & n. 4 (1995); *People v. Cooper,* 53 Cal.3d 771, 827, 809 P.2d 865, 897, 281 Cal.Rptr. 90, 122 (1991); *People v. Bunyard,* 45 Cal.3d 1189, 1233, 756 P.2d 795, 824, 249 Cal.Rptr. 71, 100 (1988); *People v. Daya,* 29 Cal.App.4th 697, 712–14, 34 Cal. Rptr.2d 884, 892–93 (1994). Moreover, we cannot say that the state courts' determination that he presented insufficient evidence to warrant an instruction was an unreasonable fact determination, even if we can inject ourselves that far into state determinations of when other offense instructions are required. *See Estelle,* 502 U.S. at 71–72, 112 S.Ct. at 481–82.

(3) Then Maldonado claims that habeas corpus should issue because his due process rights were violated by prosecutorial misconduct. We think not. No doubt it is possible for prosecutorial misconduct to reach such an egregious level that it infects the trial with unfairness substantial enough to deny due process. *See Greer v. Miller,* 483 U.S. 756, 765–67, 107 S.Ct.

3102, 3108–09, 97 L.Ed.2d 618 (1987); *Darden v. Wainwright,* 477 U.S. 168, 179–81, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986); *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 1872, 40 L.Ed.2d 431 (1974). But we cannot say that the state court unreasonably determined that there was no actual misconduct here and that the various steps by the prosecutor were a proper response to offset the effects of gang intimidation of witnesses.

■ (4) Maldonado asserts that the trial court violated his right to an impartial jury when it did not conduct an investigation of possible juror bias. There was no violation. Of course, Maldonado had a right to a trial before an impartial jury. *See Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961). Moreover, any tampering with the jury can lead to prejudice to the defendant. *See Remmer v. United States,* 347 U.S. 227, 229–30, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). Evidence of tampering, in turn, calls for an investigation by the trial court. *Id.* But not every assertion of possible juror bias requires questioning of the jurors. *See Tracey v. Palmateer,* 341 F.3d 1037, 1044 (9th Cir.2003). The state courts did not unreasonably determine that no questioning was required here. Indeed, at trial defense counsel recognized as much and objected to having an investigation of the jurors performed.

■ (5) Finally, we hear Maldonado's jeremiad that the failure to sever his murder trial from rape counts that involved only his codefendants violated his due process rights. We hear him, but we do not agree. Only if the prejudice from joinder was so great as to deny him a fair trial

---

**2.** We, of course, cannot consider whether the evidence was properly admitted as a matter of state law. *See Estelle,* 502 U.S. at 67–68, 72, 112 S.Ct. at 480, 482.

could constitutional error be found. *See United States v. Lane,* 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 730 n. 8, 88 L.Ed.2d 814 (1986); *see also Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993) (interpreting Fed. R.Crim.P. 14). Here, however, the evidence on the murder count was not weak compared to the evidence on the rape counts, and the jury actually hung on the rape counts, which demonstrated that it was willing and able to segregate the evidence. *See Park v. California,* 202 F.3d 1146, 1150 (9th Cir.2000). The state courts did not unreasonably determine the facts or unreasonably apply Supreme Court law.

AFFIRMED.