United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30078
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON BRUCE WILLIAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 93-CR-10012-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Aaron Bruce Williams, federal prisoner # 08392-035, seeks leave to proceed in forma pauperis ("IFP") in his appeal of the district court's order denying his motion for leave to file a motion for habeas relief based on newly discovered evidence, pursuant to Woodford v. Garceau, 538 U.S. 202, 207 (2003). He challenges the district court's certification that his appeal is not taken in good faith by arguing that the Anti-Terrorism and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Effective Death Penalty Act does not apply to his proposed motion.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

This court's inquiry into Williams' good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  This court may determine the merits of a litigant's appeal "where the merits are so intertwined with the certification decision as to constitute the same issue[.]"  Baugh, 117 F.3d at 202.

In his motion before the district court, Williams sought leave to file a successive 28 U.S.C. § 2255 motion.  The district court was without authority to grant such a motion.  See 28 U.S.C. §§ 2255, 2244(b)(3)(A).  Thus, the district court did not err in denying his motion.  See United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994).

Williams "has appealed from the denial of a meaningless, unauthorized motion."  Id.  His appeal lacks arguable merit and is therefore frivolous.  See Howard, 707 F.2d at 220.  The district court's certification decision was not in error.  Accordingly, Williams' IFP motion is DENIED and the appeal is DISMISSED as frivolous.  Baugh, 117 F.3d at 202; 5TH CIR. R. 42.2.

Williams is cautioned that any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions.  To

avoid sanctions, Williams should review any pending matters to ensure that they are not frivolous.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.