**Michael S. CLARK, Petitioner— Appellant,**

v.

**Sylvia GARCIA, Warden, Respondent— Appellee.**

No. 04–55489.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2005.

Decided June 7, 2005.

---

Harry W. Simon, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Michael S. Clark, Corcoran, CA, pro se.

Renee Rich, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: LAY,* REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM **

Michael S. Clark appeals the district court's order dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

We review the district court's dismissal of a petition for a writ of habeas corpus as time-barred de novo. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003). "If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo." *Id.* A district court's finding on the issue of competence is a finding of fact. *King v. Brown*, 8 F.3d 1403, 1408 (9th Cir.1993). Therefore, we will not disturb the district court's finding regarding the disputed fact, whether Clark was mentally incompetent during the relevant time period, unless we have a definite and firm conviction that a mistake has been committed. *See Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir.2004).

We have "already held that a 'putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control,' so 'mental incompetency justifies equitable tolling' of the AEDPA statute of limitations." *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir.2003) (quoting *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc), *overruled in unrelated part by Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003)). However, we lack a definite and firm conviction that the district court erred in finding that Clark was sufficiently mentally competent to manage his legal affairs during the period between when Clark's judgment became final and when Clark filed his state habeas petition. Clark, himself, testified that the reason he did not timely file his habeas petition was he did not "want the other inmates to know what

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

I was in prison for" and that he didn't ask his wife's help because he did not wish to upset her. Given this, we cannot say that the district court clearly erred in finding that mental incompetence did not prevent Clark from filing a timely habeas petition. With this factual finding, the district court did not err in concluding that Clark was not entitled to equitable tolling due to mental incompetence and that Clark's habeas petition should be dismissed as untimely. *See Laws*, 351 F.3d at 922–23 (stating that equitable tolling is available only where a petitioner's alleged mental incompetence somehow made filing a timely habeas petition impossible).

AFFIRMED.