**Darren Charles WILLIAMS, Petitioner–Appellant,**

v.

**Michael YARBOROUGH, Warden, Respondent–Appellee.**

No. 05–55277.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 18, 2007.

---

Arthur H. Weed, Santa Barbara, CA, Darren Charles Williams, High Desert State Prison, Susanville, CA, for Petitioner–Appellant.

David F. Glassman, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY and SILVERMAN, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

California state prisoner Darren Charles Williams appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction of four counts of first-degree murder and his sentence of four consecutive terms of twenty-five years to life in state prison. We affirm.

We review *de novo* the district court's grant or denial of a petition for writ of habeas corpus. *Arredondo v. Ortiz*, 365 F.3d 778, 781 (9th Cir.2004). The Antiterrorism and Effective Death Penalty Act applies. *Woodford v. Garceau*, 538 U.S. 202, 207, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).

### I. *Batson* Claim

Petitioner argues that the prosecutor did not exercise his peremptory strikes in a race-neutral way when he used six of his first eight peremptory strikes to strike African–American prospective jurors. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Petitioner

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alleges that the prosecutor questioned African-American prospective jurors differently from the way he questioned jurors of other races to create pretextual race-neutral reasons. *See Miller-El v. Dretke,* 545 U.S. 231, 241, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005).

■ A side-by-side analysis of the prosecution's questioning of the prospective jurors of different races does not show a *Batson* violation from disparate questioning. Petitioner has not overcome the state courts' factual finding that the prosecutor did not remove jurors on the basis of race. 28 U.S.C. § 2254(e).

## II. Voluntary Intoxication Instruction

Petitioner argues that the trial court's failure to give an instruction on voluntary intoxication violated his due process right to present a defense. *See Clark v. Brown,* 442 F.3d 708, 713–14 (9th Cir.2006); *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The California Supreme Court held that there was insufficient evidence to support the giving of a voluntary intoxication instruction as a matter of California law. Petitioner has not shown that the state court's ruling on this state law issue was erroneous, much less an unreasonable application of, or contrary to, *federal* law. 28 U.S.C. § 2254(d)(1).

## III. False Witness Testimony and *Brady* Violation

Petitioner argues that the prosecution violated his right to due process when it knowingly presented false testimony with regard to whether a witness received financial benefits. Petitioner additionally argues that the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), when it failed to disclose that witnesses had received payments from the witness protection pro-

gram. The California Supreme Court did not render a written decision explaining its denial of relief on these claims. Therefore, we "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Plascencia v. Alameida,* 467 F.3d 1190, 1198 (9th Cir.2006) (quoting *Himes v. Thompson,* 336 F.3d 848, 853 (9th Cir.2003)).

■ The state courts reasonably could have concluded that Ida Moore did not testify falsely. Moore was not squarely asked whether she had *ever* received witness protection funds. Her answers to the specific questions posed were not shown to be false, much less perjurious. She also denied having been paid for her testimony, and that answer was not shown to be untrue, either. It was established that Moore had received reimbursement of her travel expenses incurred in coming to court from out-of-state, not that she had been paid for her testimony.

Finally, assuming that the State had a duty to disclose the witness protection program payments, the state courts reasonably could have determined that this evidence would not have put the entire case "in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

## IV. Aiding and Abetting Instruction

Petitioner argues that the trial court violated his due process rights when it erred by not instructing the jury that it had to unanimously agree on the target crime Petitioner aided and abetted. The California Supreme Court's conclusion that no reasonable jury would have concluded that the homicides were not a natural and probable consequence of Petitioner's conduct was objectively reasonable. There

was no reasonable likelihood that the jury applied this jury instruction in a way that violates the Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

## V. Ineffective Assistance of Counsel

Petitioner argues that his trial counsel rendered ineffective assistance by failing to develop and present a defense of voluntary intoxication and by failing to adequately advise him with regard to his waiver of the trial judge's potential conflict. He also argues that his appellate counsel rendered ineffective assistance by failing to argue that a California Supreme Court case, *People v. Prettyman*, 14 Cal.4th 248, 58 Cal.Rptr.2d 827, 926 P.2d 1013 (1996), would require the court to grant him relief.

The California Supreme Court did not render a written decision explaining its denial of relief of these claims. Therefore, we perform "an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Plascencia*, 467 F.3d at 1198.

■ Little or no evidence supported a voluntary intoxication defense. *People v. Williams*, 16 Cal.4th 635, 66 Cal.Rptr.2d 573, 941 P.2d 752, 777–78 (1997). Petitioner has not alleged what additional evidence of intoxication his attorneys should have drummed up. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, a defense of voluntary intoxication would have been inconsistent with Petitioner's alibi defense.

With respect to the judge's possible conflict, the judge adequately disclosed the situation to counsel—and to Petitioner himself—so that an informed decision about whether to request the judge's recusal could be made. Counsel was not obliged to make further inquiry about the circumstances.

Finally, Petitioner's appellate counsel had no duty to raise every non-frivolous claim on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Assuming *arguendo* that counsel should have raised the *Prettyman* issue on appeal (even though *Prettyman* had not yet been decided), no prejudice occurred because the California Supreme Court addressed the issue anyway *sua sponte*. *Williams*, 66 Cal. Rptr.2d 573, 941 P.2d at 775–76; *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052.

Petitioner briefed six uncertified issues. We decline to certify the appealability of these additional issues. 28 U.S.C. § 2253(c)(2). Petitioner has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

AFFIRMED.