**Habib Tawfeq SALEH, Petitioner–Appellant,**

v.

**Gary FLEMING, Respondent–Appellee.**

No. 04–35509.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2007.

Filed Jan. 3, 2008.

Habib Tawfeq Saleh, Shelton, WA, pro se.

Thomas W. Hillier, II, Esq., Corey Endo, Esq., Federal Public Defender's Office, Seattle, WA, for Petitioner–Appellant.

Ronda Denise Larson, Esq., Office of the Washington Attorney General, for Olympia, WA, for Respondent–Appellee.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

Habib Saleh, the petitioner-appellant, appeals the denial of his habeas petition on several grounds. In a concurrently filed opinion, we affirm the denial of habeas relief. *See Saleh v. Fleming,* 512 F.3d 548 (9th Cir.2008).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The facts and prior proceedings are known to the parties and are repeated herein only as necessary.

**I**

Saleh argues that the evidence was insufficient to support his conviction. The Supreme Court has held "that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 ... the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This court must view the evidence in the light most favorable to the prosecution. *Id.* at 319, 99 S.Ct. 2781.

■ At trial, the evidence presented included the following: that Saleh had a history of "verbal and physical" confrontations with Edwards; that within an hour of the attack on Edwards, Saleh had attacked his son-in-law in similar fashion to Edwards's attack; that a blood spatter on a fascia board outside Edwards's apartment was consistent with Saleh's DNA and with his lowering himself onto Edwards's lanai from the roof; that, at 1:42 am on July 9, Saleh received treatment for a laceration on his forearm; and that the scar from that wound matched the shape of the stain outside Edwards's apartment. We conclude that a rational trier of fact could have found Saleh guilty beyond a reasonable doubt based upon the evidence presented at trial, including in particular the foregoing.

**II**

Saleh next argues that the state trial court's admission of the testimony from

Sahar and Willis as to the extent of the injuries Saleh inflicted upon his son-in-law on the night of the attack was erroneous in that it permitted irrelevant and prejudicial testimony aimed at establishing a "propensity" to violence to infect the trial.

"[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (holding that state-law admissibility questions raise no federal habeas issues). Further, "the Supreme Court has never expressly held that it violates due process to admit other crimes evidence for the purpose of showing conduct in conformity therewith, or that it violates due process to admit other crimes evidence for other purposes without [a limiting instruction]." *Garceau v. Woodford,* 275 F.3d 769, 774 (9th Cir.2001), *rev'd on other grounds,* 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we can only grant relief on this claim if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Because the Supreme Court has expressly reserved consideration of the issue at hand, AEDPA forecloses relief on this claim. *See Alberni v. McDaniel,* 458 F.3d 860, 866–67 (9th Cir.2006).

Saleh's further argument that the state court's decision here relied upon an unreasonable determination of the facts because it "ignored all of the testimony of Mrs. Alaish" is undermined by the fact that the Washington Court of Appeals did in fact consider Alaish's testimony. *See State v. Saleh,* 106 Wash.App. 1055, 2001 WL 815063, at *6 (Wash.Ct.App. July 2, 2001) (unpublished) ("But the photographs corroborated testimony by his daughter, Sahar Alaish, regarding the extent of the struggle, and the fact that Saleh was injured.").

## III

■ Saleh next argues that an anonymous letter received after his trial naming a different suspect for the crime as well as his discovery after trial that one of the State's witnesses had been convicted for an unrelated murder 20 years earlier warranted a new trial. As the report and recommendation of the magistrate judge noted, neither piece of evidence exonerates Saleh in any way, and neither suggests the requisite probability of an acquittal. *See Swan v. Peterson,* 6 F.3d 1373, 1384 (9th Cir.1993). Thus, there was no violation of Saleh's Sixth or Fourteenth Amendment rights in the denial of Saleh's motion for a new trial.

## IV

■ Finally, Saleh contends that when the prosecutor, in closing argument, said of Saleh's DNA expert that he "didn't do a thing to try to confirm or refute the numbers ... despite the fact that there was plenty of DNA left for him to do that if he so chose," he violated Saleh's right to the presumption of innocence and shifted the burden of proof to the defense.

In reviewing a claim of prosecutorial misconduct on habeas, the crucial question is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotation marks and citation omitted). The appropriate standard of review is the "narrow one" of due process. *Id.* We have distinguished between the prohibition on drawing attention to the silence of a *defendant,* on the one hand, and the permissible practice of emphasizing the silence of a *defense* on a particular point on

the other. *United States v. Mayans*, 17 F.3d 1174, 1185 (9th Cir.1994). Where, as here, the defense had generally questioned the reliability of DNA testing but had not conducted its own particular analysis of the DNA evidence offered by the prosecution, we cannot conclude that the state court's decision that the prosecution's rebuttal was permissible was either contrary to or an unreasonable application of any clearly established federal law as determined by the Supreme Court.

## V

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.