**Daniel Angelo ZOLEZZI, Petitioner,**

v.

**Ernie ROE, Warden, Respondent.**

No. 02–56681.

D.C. No. CV–01–01453–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 24, 2003.

Christopher R.J. Pace, Chaise R. Bivin, Cooley Godward, LLP, San Diego, CA, Daniel Angelo Zolezzi, pro se, Lancaster, CA, for Petitioner.

Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, David F. Glassman, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM*

David Zolezzi appeals the district court's denial of his petition for habeas corpus. We affirm.

Zolezzi's argument revolves around his claim that the admission of irrelevant prior bad acts evidence violated due process pursuant to "clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). That proposition is problematic. *See Garceau v.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Woodford,* 275 F.3d 769, 774–75 (9th Cir. 2001), *reversed on other grounds,* 538 U.S. 202, 123 S.Ct. 1398, 1403, 155 L.Ed.2d 363 (2003); *McKinney v. Rees,* 993 F.2d 1378, 1384 (9th Cir.1993); *see also Estelle v. McGuire,* 502 U.S. 62, 70, 112 S.Ct. 475, 481, 116 L.Ed.2d 385 (1991). However, we need not decide it.

We cannot say that the state courts erred when they decided that the admission of the evidence was not prejudicial. Certainly, on the record of this case, we cannot say that it had a "substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted). Nor can we say that we are in grave doubt on that subject. *See O'Neal v. McAninch,* 513 U.S. 432, 436, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995).

Thus, the district court did not err when it refused to issue the writ of habeas corpus.

AFFIRMED.

BERZON, J., dissenting.

I respectfully dissent. I cannot agree that the admission of the prior bad acts evidence was not prejudicial.

In the earlier trial in which no such evidence was introduced, the jury could not reach a verdict, In this trial, the prosecutor laid great stress on the evidence in his closing argument, particularly with regard to the "malice aforethought" element of second-degree murder. The jury deliberated for a long period of time, so it apparently did not see the case as an easy one. Also, contrary to respondent's argument, the jury was instructed that the evidence *could* be relevant to "malice aforethought," which the jury had to find to convict Zolezzi of second-degree murder. This instruction was in error. As the California Court of Appeal recognized, the prior bad acts were simply irrelevant for ascertaining Zolezzi's *mens rea.* As a result of these considerations, I, at least, am in grave doubt concerning whether the jury, in convicting Zolezzi, was influenced, improperly, by the prior bad acts evidence.

That leaves the question whether the admission of irrelevant prior bad acts evidence violates clearly established Supreme Court constitutional law. I doubt that it does. But this court will be addressing the question, presumably in a published opinion, on remand in *Woodford v. Garceau,* 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003), and the majority in this case does not address the issue. There is consequently no point in my expressing any final view on the matter at this juncture, so I decline to do so.