**In re: Matt L. BRODY, on behalf of himself and all others similarly situated,**

Matt L. Brody, on behalf of himself and all others similarly situated, Petitioner,

v.

United States District Court for the Central District of California, Respondent,

Homestore, Inc.; et al., Real Parties in Interest.

No. 03–72422.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2004.

Decided Aug. 17, 2004.

Joe R. Whatley, Jr., Whatley Drake, LLC, Birmingham, AL, Nicholas Koluncich, III, Esq., Albuquerque, NM, for Petitioner.

Robert C. Vanderet, Esq., Seth Alben Aronson, Esq., Sharon Louise Tomkins, Esq., Michelle Lynn Davidson, Esq., O'Melveny & Myers LLP, Howard M. Privette, Paul, Hastings, Janofsky & Walker LLP, Melissa M. Dulac, Kirkland & Ellis LLP, Michael C. Tu, Esq., Orrick Herrington & Sutcliffe, LLP, Los Angeles, CA, James Lynn Miller, Esq., Luther K. Orton, Esq., Snyder Miller & Orton, LLP, Jeffrey S. Facter, Esq., Emily Victoria Griffen, Esq., Stephen D. Hibbard, Esq., Shearman & Sterling, LLP, San Francisco, CA, Peter M. Stone, Paul, Hastings, Janofsky & Walker, Costa Mesa, CA, Paul R. Bessette, Esq., Brobeck & Phleger, Austin, TX, for Real Parties in Interest.

Before: FARRIS, KOZINSKI, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Matt Brody, on behalf of himself and others similarly situated, seeks a writ of mandamus to require the district court to vacate its order denying his motion to remand under the Securities Litigation Uniform Standards Act.

A writ of mandamus is "an 'extraordinary remedy' that should only be invoked in 'exceptional circumstances.'" *United States v. Harper*, 729 F.2d 1216, 1221 (9th Cir.1984) (quoting *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

305 (1967)). To determine whether such relief is appropriate, we ask whether: (1) the petitioner has other means, such as a direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems or legal issues of first impression. *Bauman v. United States Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977).

A direct appeal will be available to correct the alleged error, and petitioners have not shown they will suffer "some burden ... other than the mere cost and delay that are the regrettable, yet normal, features of our imperfect legal system" if their case is allowed to run its normal course. *Calderon v. United States Dist. Court,* 163 F.3d 530, 535 (9th Cir.1998), *abrogated on other grounds by Woodford v. Garceau,* 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003); *see also DeGeorge v. United States Dist. Court,* 219 F.3d 930, 935 (9th Cir.2000) ("[D]irect appeal after trial, as opposed to immediate review, is the typically adequate means of review.") Without speculating on how future courts will resolve the issue, we do not have a "definite and firm conviction" that the district court read SLUSA's inartful removal sections incorrectly. *DeGeorge,* 219 F.3d at 936. The district court did not disregard the rules, and it is not clear that it committed an oft-repeated error.

This leaves only the fact that this case presents an issue of first impression. Petitioners have failed to carry their heavy burden of proving they have a "clear and indisputable" right to mandamus relief.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

*Bauman,* 557 F.2d at 656 (quoting *Kerr v. United States Dist. Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (quoting *United States v. Duell,* 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899)))) (internal quotation marks omitted).

Petition **DENIED**.