In .re: Douglas FARRAR, Sr.; Christine Farrar; Tiki Entertainment, LLC,

Douglas Farrar, Sr.; Christine Farrar; Tiki Entertainment LLC, Petitioners,

v.

United States District Court for the District of Hawaii, Respondent,

United States of America, Real Party in Interest.

No. 07–73817.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed July 14, 2008.

Paul L. Gabbert, Esq., Santa Monica, CA, for Petitioners.

Rachel S. Moriyama, AUSA, USH–Office of the U.S. Attorney, Honolulu, HI, for Respondent.

Before: TROTT, THOMAS and FISHER, Circuit Judges.

MEMORANDUM *

Douglas Farrar, Sr., Christine Farrar and Tiki Entertainment, LLC (collectively "Petitioners") petition for a writ of mandamus to challenge the district court's denial of their motion alleging a due process violation based on an allegedly illegal seizure

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and detainment of their property without a timely filed civil forfeiture complaint as mandated under the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983, and requesting return of their property and interest. Specifically, they petition this court "to correct the district court's clear errors and to enforce CAFRA, dismiss the complaint, return their property and terminate all further attempts to civilly forfeit these three defendants." We have jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See FTC v. Dean Foods Co.,* 384 U.S. 597, 603–04, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). Because Petitioners do not meet the strict prerequisites for this extraordinary relief, we deny their petition.

A writ of mandamus is "an 'extraordinary remedy' that should only be invoked in 'exceptional circumstances.' " *United States v. Harper,* 729 F.2d 1216, 1221 (9th Cir.1984) (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)). To determine whether such relief is appropriate, we consider whether: (1) the petitioner has other means of attaining the desired relief, such as a direct appeal, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error or manifests a persistent disregard of the federal rules and (5) the order raises new and important problems or legal issues of first impression. *See Bauman v. U.S. Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977).

Weighing these factors, we conclude that Petitioners are not entitled to a writ of mandamus. A direct appeal will be available to correct the alleged error, in addition to the means currently available to Petitioners in the district court such as moving to dismiss the government's complaint or filing their own complaint as the

district court suggested. *See* Order Dismissing Movants' Mot. Without Prejudice, Feb. 21, 2007 at 8, 2007 WL 601985("Movants should have filed an underlying complaint before filing the instant Motion ...."); *see also DeGeorge v. U.S. Dist. Court,* 219 F.3d 930, 935 (9th Cir.2000) ("[D]irect appeal after trial, as opposed to immediate review, is the typically adequate means of review."). Although Petitioners may be suffering some economic harm due to the delay in the proceedings, they have not yet shown that they will be damaged in a way that is not correctable on appeal. *Cf. United States v. $12,248,* 957 F.2d 1513, 1519 (9th Cir.1992) (finding the government's delay prejudiced claimant where there was a 15–month delay for no reason before forfeiture proceedings were instituted against the seized money and an overall delay of four years between the time of forfeiture and the time when the trial ultimately established the claimant's right to the funds); *see also Calderon v. U.S. Dist. Court,* 163 F.3d 530, 535 (9th Cir.1998) ("[A] litigant must demonstrate some burden imposed by a clearly erroneous district court order, other than the mere cost and delay that are the regrettable, yet normal, features of our imperfect legal system."), *abrogated on other grounds by Woodford v. Garceau,* 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).

The critical third factor is also not met here because we do not have a "definite and firm conviction" that the district court clearly erred as a matter of law by dismissing Petitioners' motion without prejudice. *DeGeorge,* 219 F.3d at 936; *see also Cole v. U.S. Dist. Court,* 366 F.3d 813, 820 (9th Cir.2004) ("Absence of this factor is often dispositive of the petition."). Further, it is not apparent that the district court committed an oft-repeated error. Finally, although the case does present an issue of first impression, this one favorable

factor is not enough for Petitioners to carry their heavy burden of proving their " 'clear and indisputable' " right to mandamus relief. *Bauman,* 557 F.2d at 656 (quoting *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)).

**Petition DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.