**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PINEDA OLIVA, | No. 09-55529 |
| Petitioner - Appellee, | D.C. No. CV 08-03772-ODW (E) |
| v. | |
| ANTHONY HEDGPETH, Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted April 7, 2010[**]
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Respondent Anthony Hedgpeth, warden of the California state prisons, appeals the district court's grant of a habeas corpus petition filed by Petitioner David Pineda Oliva, a California state prisoner. Petitioner was convicted after a jury trial of murder and was sentenced to imprisonment for 50 years to life.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Because Petitioner filed his habeas petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs. 28 U.S.C. § 2254; Woodford v. Garceau, 538 U.S. 202, 210 (2003). We review de novo, Tilcock v. Budge, 538 F.3d 1138, 1143 (9th Cir. 2008), cert. denied, 129 S. Ct. 926 (2009), and we affirm.

The state court's decision that Petitioner had not been denied the effective assistance of counsel is an unreasonable application of Supreme Court precedent because, under that precedent, Petitioner's counsel was ineffective when he failed to file a motion to suppress the eyewitness identification made by the six-year-old child, E.R. See Strickland v. Washington, 466 U.S. 668, 688, 694, 697 (1984) (holding that, to establish ineffective assistance of counsel, a petitioner must prove that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different). Considering the totality of the circumstances, see Neil v. Biggers, 409 U.S. 188, 199-200 (1972), the photograph identification procedure plainly was impermissibly suggestive, see Simmons v. United States, 390 U.S. 377, 384 (1968) ("[A] pretrial identification by photograph will be set aside on that ground only if the photographic

2

identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.").

As the magistrate judge explained in greater detail, the photographic identification was impermissibly suggestive – and the California Court of Appeal's analysis unreasonably applied Supreme Court precedent – for several reasons. First, the detectives conducting the photograph identification procedure did not tell E.R. that the photographic lineup, consisting of six photographs, might or might not contain a photograph of the suspect. Indeed, E.R. testified at trial that she thought she "had to make a selection of one of these pictures." Second, after E.R. selected the first photograph, the detectives effectively suggested to her that the person in that photograph was not the shooter. Third, the detectives praised E.R. immediately after she selected photograph number three, which was the photograph of Petitioner. The detectives told E.R. that she did "awesome" work and a "fantastic job." Such praise effectively eliminated the persons in the remaining photographs and signaled to E.R. that she had made the "right" choice.

Because the photograph identification procedure was suggestive, we also must decide whether the identification nevertheless was reliable. See Neil, 409 U.S. at 199-200. It was not. E.R. testified that she saw the shooter's face from a distance and for a fleeting period of time. E.R.'s trial testimony regarding the

3

shooter's clothing was inconsistent with the description she had given to the police immediately after the incident. Further, E.R. admitted at trial that she thought the person in photograph number one looked like the shooter, and she was unable to identify anyone in the courtroom as the shooter.

For these reasons, the failure of Petitioner's counsel to file a motion to suppress the identification made by E.R. was objectively unreasonable. See Strickland, 466 U.S. at 688. We next must consider whether Petitioner was prejudiced by his counsel's error. Id. at 694. He was. In the absence of E.R.'s identification, only scant evidence pointed to Petitioner as the shooter. It is reasonably probable that, without E.R.'s identification, the trial would have yielded a different outcome. The state court's contrary decision fails even under the deferential AEDPA standard. Even if counsel may have correctly guessed that the California Court of Appeal would misapply Supreme Court law, that assessment does not excuse counsel's failure to bring a critical, meritorious motion that a higher or federal court would likely grant. A California court should have granted such a motion under then-existing law as set forth by the Supreme Court.

AFFIRMED.

Oliva v. Hedgpeth, No. 09-55529

FERNANDEZ, Circuit Judge, dissenting:

In my view, the strictures of 28 U.S.C. § 2254 will not permit us to overturn the state courts' determination that counsel was not ineffective. Rather, those courts could properly determine that this experienced attorney made a reasoned tactical decision that it was pointless to make a motion to suppress because that motion would have been denied out of hand. He was of the opinion that, it "would require a far greater showing of any suggestiveness or coercion" to succeed. The state Court of Appeal agreed with his assessment, and even declared that the "tactical decision not to bring a suppression motion that lacked merit was reasonable." Nor will it do to suggest that a motion to suppress should have been filed anyway because there was "'nothing to lose.'" Knowles v. Mirzayance, ___ U.S. ___, ___, 129 S. Ct. 1411, 1419, 173 L. Ed. 2d 251 (2009). I fear that the majority has fallen prey to the hindsight fallacy,[1] and has failed to conduct the "doubly deferential"[2] review that is demanded in this area.[3] I cannot agree that

---

[1]See Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984).

[2]Knowles, ___ U.S. at ___, 129 S. Ct. at 1420.

[3]Indeed, to have a constitutional violation there must be a "'very substantial likelihood of . . . misidentification.'" Neil v. Biggers, 409 U.S. 188, 198, 93 S. Ct. 375, 381, 34 L. Ed. 2d 401 (1972). Thus, it might almost be said that review

(continued...)

counsel was ineffective when he accurately assessed the situation he faced, and then concentrated his efforts on demonstrating to the jury that the identification was weak and unreliable.  After all, counsel does not have to raise every possible viable issue, and the Supreme Court has told us that "[t]here are countless ways to provide effective assistance in any given case."  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Counsel chose one of those possible ways.  We should not "second-guess" him.  Id.  Thus, I respectfully dissent.

---

[3](...continued)
should be triply deferential in this area.  By the way, I do not think that standard was met in any event.