**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: TERRI JORDAN; DONALD R.
JARVIS; CESAR CERVANTES; JIM
CANALES; HECTOR ARZOLA;
FRANCISCO MONTIJO; GEORGE
ELIZARDO; STEVEN W. FIERRO; ARI
GALINDOROJO; MARK CORONADO;
THOMAS GARCIA; MICHAEL RAMOS;
JESSE RODRIGUEZ, JR.; ERIC
ROMERO; MARTIN GUEVARRA; JOSE
OCHOA; ROBERT TORRES; FREDERICK
WIDMAYE; RAMON URIBE; RICHARD
GUTIERREZ; LEONARD VALLES;
MANUEL VIRAMONTES; ROSS
JAUREGUI; JOSE LUIS DEL RIO;
JERRY PAVIA; GARY LAWSON; JOSE
NORIEGA; KEVIN THOMAS; EDUARDO
SANCHEZ; RAUL VARELA, JR.; JAMES
W. ISBORN; ALEX VALLEJO; ISAAC
DAZA; DON COOK; STEPHEN
WERTHINGTON; MARIANO GARCIA;
JOSEPH GALLEGOS; MICHAEL
JORDAN; JOSHUA STEVEN
TEUTSCHMAN; ROBERT LEON;
STEPHEN WORTHINGTON; PHILLIP
ALARCON; ANGEL E. ESPINOZA,
                    *Petitioners.*

Terri Jordan; Donald R. Jarvis; Cesar Cervantes; Jim Canales; Hector Arzola; Francisco Montijo; George Elizardo; Steven W. Fierro; Ari Galindorojo; Mark Coronado; Thomas Garcia; Michael Ramos; Jesse Rodriguez, Jr.; Eric Romero; Martin Guevarra; Jose Ochoa; Robert Torres; Frederick Widmaye; Ramon Uribe; Richard Gutierrez; Leonard Valles; Manuel Viramontes; Ross Jauregui; Jose Luis Del Rio; Jerry Pavia; Angel E. Espinoza; Gary Lawson; Jose Noriega; Kevin Thomas; Eduardo Sanchez; Raul Varela, Jr.; James W. Isborn; Alex Vallejo; Isaac Daza; Don Cook; Stephen Werthington; Mariano Garcia; Joseph Gallegos; Michael Jordan; Joshua Steven Teutschman; Robert Leon; Stephen Worthington; Phillip Alarcon,

*Petitioners,*

v.

United States District Court for the Central District of California, Los Angeles,

*Respondent.*

United States of America,

*Respondent and Real Party in Interest,*

v.

Assorted Firearms, Motorcycles and Other Personal Property,

*Petitioners and Real Parties in Interest.*

No. 09-72379

D.C. No.
2:09-cv-01887-
FMC-JC

OPINION

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted
February 3, 2010—Pasadena, California

Filed June 1, 2010

Before: Betty B. Fletcher, Harry Pregerson, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Pregerson

## COUNSEL

Eric Honig, Marina Del Rey, California, and Richard M. Barnett, San Diego, California, for the petitioners.

Steven R. Welk, Assistant U.S. Attorney, Los Angeles, California, for the respondent/real party in interest.

---

**OPINION**

PREGERSON, Circuit Judge:

Terri Jordan and others seek a writ of mandamus ordering the district court to direct the government to return motorcycles seized in connection with a criminal investigation. We have jurisdiction under 28 U.S.C. § 1651 and deny the petition.

"A writ of mandamus is an extraordinary or drastic remedy, used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *DeGeorge v. U.S. Dist. Court*, 219 F.3d 930, 934 (9th Cir. 2000) (internal citation and quotation marks omitted). Mandamus is not warranted where the petitioner fails to demonstrate that the district court clearly erred. *Id.*

**[1]** The only issue here is whether the district court clearly erred in determining that, when the government has failed to provide notice of a seizure in accordance with 18 U.S.C. § 983(a)(1)(A), § 983(a)(1)(F) does not compel the government to return seized property before initiating a judicial forfeiture proceeding. Petitioners concede that this circuit has never addressed this legal issue. The district court surveyed decisions from other circuits, which are divided, before concluding that the statute does not require the return of seized property. The district court did not clearly err in that determination.

**[2]** Furthermore, Petitioners have not demonstrated that they have "no other adequate means" to achieve the return of

their motorcycles. *In re Cohen v. U.S. Dist. Court*, 586 F.3d 703, 708 (9th Cir. 2009). Petitioners can litigate the civil judicial forfeiture action. They contend that such relief is not an adequate substitute for the immediate return of the motorcycles pursuant to § 983(a)(1)(F) because the forfeiture action will not conclude for another two to three years. To demonstrate that other relief is not adequate, however, Petitioners must demonstrate that they will suffer a greater harm than "the mere cost and delay that are the regrettable, yet normal, features of our imperfect legal system." *Calderon v. U.S. Dist. Court*, 163 F.3d 530, 535 (9th Cir. 1998), *overruled on other grounds by Woodford v. Garceau*, 538 U.S. 202, 205 (2003). Petitioners may also request the immediate return of their property under 18 U.S.C. § 983(f)(1). Petitioners argue that such a request would be futile because the district court retains the discretion as to whether to grant relief under § 983(f)(1). But an alternative remedy need only be available, not guaranteed.

The petition for a writ of mandamus is **DENIED**.