**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNE MARIE HARRISON, | No. 11-55400 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-07983-JSL-RZ |
| v. | |
| DEBORAH K. JOHNSON, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Petitioner Anne Marie Harrison appeals the district court's denial of her

petition for a writ of habeas corpus, alleging that the California Supreme Court

erred in rejecting her *Napue* false evidence and *Brady* suppression of material

evidence claims. Because Harrison's federal habeas petition was filed after the

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

enactment of AEDPA in 1996, that statute governs her petition. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). This Court will grant Harrison's petition only if the California Supreme Court's denial of Harrison's state habeas petition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Because the California Supreme Court summarily denied Harrison's state habeas petition, this Court "must determine what arguments or theories . . . *could have supported* . . . the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme] Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (emphasis added).

First, Harrison's *Napue* false evidence claim based on Michael Lopez's allegedly false trial testimony fails because Harrison has not shown that Lopez's trial testimony was false, nor that the prosecution "knew or should have known" that this testimony was false. *See Hein v. Sullivan*, 601 F.3d 897, 908 (9th Cir. 2010) (stating that to prevail on a *Napue* claim, a defendant "must show that (1) the

2

testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony [or evidence] was actually false, and (3) that the false testimony [or evidence] was material." (alterations in original) (internal quotation marks and citation omitted)). In particular, a witness's "later recantation of his trial testimony does not [necessarily] render his earlier testimony false." *See Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir. 2005). Similarly, Harrison's *Napue* false evidence claim based on Detective McElderry's allegedly false trial testimony fails because the California Supreme Court could have reasonably concluded that this testimony was not false.

Second, Harrison's *Brady* suppression of evidence claim based on an "implied agreement" between Lopez and the prosecution fails because Harrison has not shown that any such agreement existed. *See Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008) (stating that to succeed on a *Brady* claim, a defendant must demonstrate three elements: "(1) The evidence at issue must be favorable to the accused . . . , (2) that evidence must have been suppressed by the State, and (3) prejudice must have ensued" (internal quotation marks omitted)). As the district court noted, "[Harrison's] speculation that there must have been a promise or deal, or even that Lopez believed there must have been a promise, is not sufficient to show that there was any such deal that needed to be disclosed." ER 18. Finally,

3

Harrison's *Brady* claim based on her assertion that Lopez's trial testimony was "cross-contaminated" by information from Juan Tovar's recorded jail cell conversation with Jonathan Miramontes fails because Harrison has not shown that any such "cross-contamination" occurred. Nor has Harrison shown the prosecution suppressed evidence of cross-contamination. Harrison cross-examined Lopez at trial and could have questioned Lopez about whether he was told of Tovar's statement to Miramontes. Moreover, the California Supreme Court could have reasonably refused to believe Lopez's 2007 declaration, upon which Harrison relies to support her claim that the "cross-contamination" evidence existed.

Ultimately, the California Supreme Court could have reasonably rejected both of Harrison's *Napue* claims and both of Harrison's *Brady* claims. We therefore AFFIRM the district court's denial of Harrison's petition for a writ of habeas corpus.

**AFFIRMED.**