**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABE WILLIAMS, Jr., | No. 15-15202 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02315-TJH |
| v. | |
| RAYTHEL FISHER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

California state prisoner Abe Williams, Jr., appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

jurisdiction under 28 U.S.C. § 2253.  We review de novo the district court's

decision denying a habeas petition, *see Murdaugh v. Ryan*, 724 F.3d 1104, 1113

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2013), and we affirm.

Williams first contends that the district court erred by reviewing his claim under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Although Williams' conviction became final before AEDPA's enactment, the district court properly applied AEDPA because Williams filed his habeas petition after the statute's effective date. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003). In addition, because Williams has not shown that his punishment has been increased, he has not demonstrated an ex post facto violation. *See Dobbert v. Florida*, 432 U.S. 282, 293-94 (1977).

Williams next argues that the district court abused its discretion by failing to hold an evidentiary hearing regarding his claim that he is entitled to additional custody credits. The district court did not abuse its discretion because the record shows that Williams is not entitled to relief on this claim. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

We treat Williams' additional arguments as a motion to expand the certificate of appealability. So treated, the motion is denied. *See* 9th Cir. R. 22-1(e); *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**