**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA CONKLIN, | No.   19-15310 |
| Petitioner-Appellant, | D.C. No. 4:16-cv-02860-JSW |
| v. | |
| MOLLY HILL, Acting Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 18, 2021[**]
San Francisco, California

Before:  M. SMITH and VANDYKE, Circuit Judges, and GORDON,[***] District Judge.

Petitioner Patricia Conklin (Petitioner) appeals the district court's denial of

her federal habeas petition. Because the parties are familiar with the facts, we do not

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. §§ 2253 and 1291. We review *de novo* a district court's denial of a habeas petition. *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).

Petitioner contends that her trial counsel was ineffective by failing to object to the prosecutor's motion to redact medical records that were admitted into evidence. The redactions excluded from evidence certain exculpatory statements that Petitioner's mother, Margarita Zelada (Zelada), made to medical staff indicating that an accidental fall—rather than a push by Petitioner—caused Zelada's injury. The California Court of Appeal considered and denied this claim on direct appeal. The district court also denied this claim in Petitioner's first amended federal habeas petition and entered judgment. We issued a certificate of appealability as to "whether trial counsel rendered ineffective assistance by failing to object to the prosecutor's motion to redact medical records admitted into evidence."

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). Under AEDPA, we cannot grant habeas relief unless the state court proceedings resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

2

As the California Court of Appeal recognized, to prevail on a claim of ineffective assistance of counsel, Petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 688. To prove counsel's performance was prejudicial, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Under AEDPA, however, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* (internal quotations and citations omitted). In this regard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as

'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

1.    The California Court of Appeal reasonably concluded that trial counsel's failure to object was an acceptable tactical decision because admitting evidence that Zelada slipped would have contradicted and undermined the defense theory of the case. While fair-minded jurists could argue for a different defense theory with the benefit of hindsight, trial counsel raised a defense theory of necessity that contended the stove malfunctioned and Petitioner pushed her mother out of the way to protect her from a fire coming from the stove. As the California Court of Appeal reasonably determined, "[t]rial counsel could have made a reasonable tactical decision not to object to the exclusion of Zelada's statement to doctors that she had accidentally slipped and fallen, since those statements were inconsistent with defendant's out-of-court statements regarding the circumstances of the fall that were admitted into evidence . . . [and] would have undermined, rather than supported, the defense theory of the case." In light of the evidence and defense presented at trial, Petitioner fails to show that this conclusion was unreasonable or an unreasonable application of *Strickland*'s first prong. *See id*.

2.    The California Court of Appeal also reasonably determined, even assuming deficient performance, Petitioner was not prejudiced by counsel's failure to object to the redacted statements because there was no "reasonable" probability the

4

outcome of the trial would have been different in light of the strong evidence in the record, including Petitioner's own admissions, that Petitioner pushed Zelada down. *See id.* at 112 ("The likelihood of a different result must be substantial, not just conceivable." (citations omitted)). Petitioner fails to show that this conclusion was unreasonable or an unreasonable application of *Strickland*'s second prong.

Petitioner's reliance on *Griffin v. Harrington*, 727 F.3d 940 (9th Cir. 2013) is misplaced. In *Griffin*, no evidence supported trial counsel's decision not to raise a timely objection, which allowed admission of the only inculpatory evidence against the defendant. *Id.* at 945–48. Here, however, significant evidence supported trial counsel's tactical decision to raise the defense of necessity and corroborated Zelada's statements that Petitioner pushed her down. Zelada's numerous statements to law enforcement and medical personnel that her daughter pushed her down, as well as Petitioner's own statements and actions at the scene and afterwards, supported the necessity defense and the California Court of Appeal's determination that defense counsel's failure to object was not prejudicial. Accordingly, the California Court of Appeal reasonably determined that even if trial counsel was ineffective, that error was not prejudicial.

**AFFIRMED.**