**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD WAYNE HAMILTON,

No.    21-35326

Petitioner-Appellant,

D.C. No. 2:18-cv-01226-JR

v.

MEMORANDUM[*]

JAMIE MILLER,

Respondent-Appellee.

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted April 14, 2022
Seattle, Washington

Before: HAWKINS and FORREST, Circuit Judges, and RESTANI,[**] Judge.

Petitioner Donald Hamilton ("Hamilton") appeals the district court's denial

of his 28 U.S.C § 2254 habeas corpus petition challenging his conviction for first-

degree Sexual Abuse and first-degree Sodomy.  Because the parties are familiar

with the facts, we do not recount them here, except as necessary to provide context

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

for our ruling.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  We review *de novo* a district court's denial of a habeas petition.  *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).  We affirm.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs our review.  *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003).  Under AEDPA, we cannot grant habeas relief unless the state court proceedings resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C § 2254(d).

Hamilton argues that the trial court unreasonably applied clearly established federal law when it denied his request for a continuance.  On this issue, we review the trial court's decision, as it is the last reasoned state court decision.  *See Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003).  A trial court is afforded "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar."  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (citations omitted).  "[O]nly an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel."  *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (citation omitted).  The trial court's denial of a continuance was not an

unreasonable exercise of its discretion or an unreasonable application of Federal law as it reasonably considered that new counsel had not been obtained at the time of the motion and that trial had been postponed twice previously. *See Miller v. Blackletter*, 525 F.3d 890, 896 (9th Cir. 2008).

Hamilton next argues that he received ineffective assistance of counsel under *Strickland v. Washington* due to trial counsel's failure to object to vouching by the victim's mother and the prosecutor. 466 U.S. 668 (1984). On this issue, we review the state post-conviction court's opinion. *See Van Lynn*, 347 F.3d at 738. When reviewing a state court's application of *Strickland* under AEDPA, we "must afford both the state court and the defense attorney the benefit of the doubt." *Carter v. Davis*, 946 F.3d 489, 503 (9th Cir. 2019) (citation omitted). Our review, therefore, is "doubly deferential." *Id*. (citation omitted). To prevail on a claim of ineffective assistance of counsel, Hamilton must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Under AEDPA, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Federal habeas relief is not warranted if "fairminded jurists could disagree" on the reasonableness of the state court decision. *Id*. (citation omitted).

Regarding the statement by the victim's mother, the post-conviction court's determination that there was no *Strickland* prejudice from counsel's failure to object was not so unreasonable that no fairminded jurist could agree with it. *Id.* at 102. The post-conviction court reasonably determined that the testimony in question did not impact the outcome of the trial because it related to the Sexual Abuse charge only, to which Hamilton confessed and which was not contested by the defense at trial.

In rebuttal, the prosecutor repeatedly asserted that the victim was truthful. A reasonable jurist could have found that this commentary was impermissible vouching, that counsel deprived Hamilton of effective assistance by declining to object to the prosecutor's improper commentary, and that such deficient performance prejudiced the defense. However, a reasonable jurist could have found that the prosecutor's statements during rebuttal were permissible argument based on inference from the record, and that failure to object was thus not deficient performance under *Strickland*. *See United States v. Necoechea*, 986 F.2d 1273 (9th Cir. 1993). As we are bound by AEDPA's "doubly deferential" standard of review, Hamilton is not entitled to relief.

The denial of the petition is **AFFIRMED**.