FILED

NOT FOR PUBLICATION

MAY 27 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LLOYD PHILLIP LOCKE, | No. 09-16045 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00130-MCE-CHS |
| v. | |
| MICHAEL EVANS, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Lloyd Phillip Locke ("defendant"), a California state prisoner, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 49-

year sentence for committing lewd acts upon a child and making a criminal threat

using a firearm. We review the district court's denial of a habeas petition de novo

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and its factual findings for clear error. *Correll v. Ryan*, 539 F.3d 938, 942 (9th Cir. 2008). Because the defendant's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies. *Woodford v. Garceau*, 538 U.S. 202, 204, 207 (2003). Under AEDPA, we may only grant relief if the last reasoned state court decision was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or was "an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). We affirm.

Defendant contends that his *Miranda* rights were violated because the police continued to question him after he allegedly invoked his right to remain silent. Police are required to give the warnings that *Miranda* requires to any suspect subject to custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). After *Miranda* warnings have been given, police questioning must cease if the suspect indicates that he wishes to remain silent. *DeWeaver v. Runnels*, 556 F.3d 995, 1000 (9th Cir. 2009) (quoting *Miranda*, 384 U.S. at 473-74). To invoke his right to remain silent, a suspect's invocation at a minimum must not be "so equivocal or unclear that 'a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking' his right to remain

2

silent." *United States v. Shi*, 525 F.3d 709, 729 (9th Cir. 2008) (quoting *Arnold v. Runnels*, 421 F.3d 859, 866 (9th Cir. 2005)).

In this case, the California Court of Appeal properly determined that the defendant did not invoke his right to remain silent. Defendant was *Mirandized* and when asked if he understood his rights stated "No." Defendant's response that he did not understand his rights would not indicate, even equivocally, to a reasonable officer that he was invoking a right to silence. *See Deweaver*, 556 F.3d at 1000-02 (holding that a request to go back to jail was not an invocation of the right to remain silence). Defendant's further responses would not suggest to a reasonable officer that he was invoking his right to silence. *See id.* Thus, we hold that the California Court of Appeal's decision that the defendant did not invoke his right to remain silent was not contrary to, or an unreasonable application of, clearly established Supreme Court law. *See id.*

Defendant argues that his confession was involuntary because the state court found that his consent to search his home was involuntary. The voluntariness of a confession is determined by the totality of the circumstances, including any traits of the accused and all details of the interrogation. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). However, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due

3

Process Clause of the Fourteenth Amendment," *i.e.*, a confession must be the result of coercive police conduct to be involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

Here, the California Court of Appeal's determination that defendant's confession was voluntary was not contrary to, or an unreasonable application of, federal law, nor is it an unreasonable determination of the facts in light of the evidence. Although the trial court held that defendant's consent to search his home was involuntary, the record supports the determination that when he confessed, the defendant clearly wanted to tell the officers his side of the story, willingly gave extensive information, and never indicated that he did not want to speak to the officers. *See id.*

**AFFIRMED**.