Justice Thomas,
with whom Justice Scalia joins, concurring in the judgment.
In Day v. McDonough, 547 U. S. 198 (2006), the Court held that a federal district court may raise sua sponte a forfeited statute of limitations defense to a habeas corpus petition. Relying on Day and Granberry v. Greer, 481 U. S. 129 (1987), the Court now holds that a court of appeals may do the same. Because I continue to think that Day was wrongly decided and that Granberry is inapposite, I cannot join the Court’s opinion. See Day, 547 U. S., at 212-219 (Scalia, J., joined by Thomas and Breyer, JJ., dissenting).
As the dissent in Day explained, the Federal Rules of Civil Procedure apply in habeas corpus cases to the extent that they are consistent with the Habeas Corpus Rules, the ha-beas corpus statute, and the historical practice of habeas proceedings. Id., at 212 (citing Gonzalez v. Crosby, 545 U. S. 524, 529-530 (2005), and Woodford v. Garceau, 538 U. S. 202, 208 (2003)). As relevant here, the Rules of Civil Procedure provide that a defendant forfeits his statute of limitations defense if he fails to raise it in his answer or in an amendment thereto. 547 U. S., at 212 (citing Rules 8(c), 12(b), 15(a)). That forfeiture rule is fully consistent with habeas corpus procedure. As an initial matter, the rule comports with the Habeas Rules’ instruction that a State “must” plead any limitations defense in its answer. Id., at 212-213 (quoting Rule 5(b) (emphasis deleted)). Moreover, the rule does not conflict with the habeas statute, which imposes a 1-year period of limitations without any indication that typical forfeiture rules do not apply. Id., at 213 (citing 28 U. S. C. *476 § 2244(d)(1)). Finally, the rule does not interfere with historical practice. Prior to the enactment of a habeas statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas practice included no limitations period at all, much less one immune to forfeiture. 547 U. S., at 212.
As the dissent in Day further explained, id., at 214, AEDPA’s statute of limitations is distinguishable from the equitable defenses that we have traditionally permitted federal habeas courts to raise sua sponte. See, e. g., Granberry, supra, at 133 (holding that appellate courts may consider a habeas petitioner’s failure to exhaust state remedies despite a State’s forfeiture of the defense). Those judicially created defenses were rooted in concerns of comity and finality that arise when federal courts collaterally review state criminal convictions. Day, 547 U. S., at 214. But those same concerns did not lead this Court to recognize any equitable time bar against habeas petitions. Id., at 214-215. Thus, nothing in this Court’s pre-existing doctrine of equitable defenses supported the Day Court’s “decision to beef up the presumptively forfeitable ‘limitations period’ of § 2244(d) by making it the subject of sua sponte dismissal.” Id., at 215-216.
For these reasons, I believe that the Day Court was wrong to hold that district courts may raise sua sponte forfeited statute of limitations defenses in habeas cases. I therefore would not extend Day’s, reasoning to proceedings in the courts of appeals. Appellate courts, moreover, are particularly ill suited to consider issues forfeited below. Unlike district courts, courts of appeals cannot permit a State to amend its answer to add a defense, nor can they develop the facts that are often necessary to resolve questions of timeliness. Cf. id., at 209 (majority opinion) (finding no difference between a district court’s ability to raise a forfeited limitations defense sua sponte and its ability to notice the State’s *477 forfeiture and permit an amended pleading under Rule of Civil Procedure 15).
In light of these considerations, I cannot join the Court’s holding that a court of appeals has discretion to consider sua sponte a forfeited limitations defense. Nor can I join the Court’s separate holding that the Court of Appeals abused its discretion by raising a defense that had been deliberately waived by the State. As the dissent in Day noted, there is no principled reason to distinguish between forfeited and waived limitations defenses when determining whether courts may raise such defenses sua sponte. See 547 U. S., at 218, n. 3 (explaining that, if “ ‘ “values beyond the concerns of the parties” ’ ” justify sua sponte consideration of forfeited defenses, such values equally support sua sponte consideration of waived defenses). Therefore, I concur only in the judgment.