**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCO ANTONIO LOPEZ,

        Petitioner - Appellant,

  v.

MICHAEL STAINER, Warden,

        Respondent - Appellee.

No. 09-17121

D.C. No. 3:08-cv-01452-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted September 10, 2012
San Francisco, California

Before: ALARCÓN, THOMAS, and BERZON, Circuit Judges.

    California state prisoner Marco Lopez appeals from the district court's

denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr.

Lopez argues that the state trial court violated his federal due process rights to a

fair trial by failing to instruct the jury properly. Specifically, he asserts that to

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

establish felony-murder under California law, the prosecution must prove that the killing and the underlying felony were part of one "continuous transaction." Because the parties are familiar with the history of this case, we need not recount it here. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253. We affirm the district court.

I

We review the district court's denial of a 28 U.S.C. § 2254 petition for habeas corpus *de novo* and its findings for clear error. *Hurles v. Ryan*, 650 F.3d 1301, 1308-09 (9th Cir. 2011). In reviewing California state court decisions, this Court must apply the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") to any petition filed after April 24, 1996. 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 204 (2003); *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Here, Lopez filed his habeas petition on March 14, 2008, so it is subject to AEDPA. Under AEDPA, a federal court may grant relief if the state-court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

2

Lopez raised a federal constitutional claim in his appeal before the California Court of Appeal. In its twelve-page decision denying his appeal, the court did not address his federal-law claim. The California Supreme Court summarily denied Lopez's petition for review, which raised the same federal constitutional issues. The issue was therefore adequately exhausted. We need not decide whether to apply *de novo* review because the state courts did not squarely address the federal issue, or the AEDPA's more deferential review, as we would affirm the district court's decision under either standard.

II

Mr. Lopez's sole argument on appeal is that the trial court violated his rights to due process under the Fourteenth Amendment by improperly instructing the jury on the elements of felony-murder as defined by California law. Mr. Lopez contends the trial court erred by failing to adopt a proposed instruction regarding the "one continuous transaction" rule because one "continuous transaction is an essential element of felony murder in California." (App. Br. at 13.) Neither the California Supreme Court nor the California Court of Appeal has so held.

Under California Penal Code section 189, murder that is "committed in perpetration of" certain enumerated felonies, including robbery and burglary, is

3

murder in the first degree.  The California Supreme Court has invoked the "'one continuous transaction' analysis" as a standard for the sufficiency of evidence to support a felony-murder instruction or conviction.  *People v. Sakarias*, 22 Cal. 4th 596, 624 (2000).  Rather than establishing "one continuous transaction" as an element of felony-murder, however, California courts adopted the analysis for guidance on appellate review regarding the contours of "in perpetration of"—specifically, whether substantial evidence exists to demonstrate a sufficient connection between a killing and an underlying felony.  *See id*; *People v. Cavitt*, 33 Cal. 4th 187, 207-08 (2004) (stating that the continuous-transaction doctrine was "not intended to relieve the wrongdoer from any probable consequence of his act by placing a limitation upon the *res gestae* which is unreasonable or unnatural[,]" but rather to "define[] the duration of felony-murder liability, which may extend beyond the termination of the felony itself") (emphasis omitted).  Thus, that a felony and homicide are "one continuous transaction" is a sufficient condition to satisfy the statutory requirement of "in perpetration of," but not a necessary one.

The trial court properly relied on the language in California Penal Code section 189 in instructing the jury that the elements of felony murder are "1. A human being was killed.  2. The killing was unlawful.  3. The killing . . . occurred

during the commission or attempted commission of robbery or burglary." (RT at 3960.) The trial court further instructed the jury:

> If you find that the defendant stabbed Gordon Lee Fowler with two *simultaneous* and separate [intents], one to defend himself from imminent danger of the atrocious crime of rape, and the other to commit a theft, the defendant is not entitled to an acquittal on the grounds of either self defense or defense against the atrocious crime of rape.
>
> If you find that the defendant stabbed Fowler with the *intent to defend himself from imminent rape [and] with the [intent] to [commit] a theft*, you may find the defendant guilty of first degree murder under the felony murder rule, if all the elements of either robbery or burglary have been proved.
>
> . . .
>
> If you find the defendant stabbed Gordon Lee Fowler *not during the course of a robbery [and] without the intent to commit a theft*, and did so only in response to unwanted touching or threat not amounting to imminent danger of rape the crime of second degree murder is reduced to voluntary manslaughter.
>
> . . .
>
> If you find the defendant stabbed Gordon Lee Fowler *without the intent to commit robbery or theft, and that he stabbed only in response to imminent rape*, having an actual belief that the rape was imminent, if you find such a belief reasonable under the circumstances, the defendant is entitled to an acquittal on the charge of murder.

(RT at 3070, 3079 (emphases added).) These CALJIC instructions properly instructed the jury regarding the relationship between the underlying felony and the

5

homicide and also informed the jury of its responsibility to find all the elements of felony-murder.

**AFFIRMED.**