NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0238n.06

No. 11-1584

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 07, 2013*
DEBORAH S. HUNT, Clerk

RASCHID ZIMMERMAN,

      Petitioner-Appellant,

v.

RAYMOND BOOKER,

      Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

                                    /

BEFORE:    CLAY, GILMAN, and McKEAGUE, Circuit Judges.

      **CLAY, Circuit Judge.** Petitioner Raschid Zimmerman appeals the district court's order that

denied his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court

found, after ordering an evidentiary hearing, that there was no evidence to support Petitioner's claims

for relief, including Petitioner's Sixth Amendment ineffective assistance claim against his trial

counsel for allegedly ignoring a request to withdraw his jury trial waiver. For the following reasons,

we **AFFIRM** the district court's order denying Petitioner habeas relief.

## BACKGROUND

### A.    Factual Background

      In 1999, Petitioner was charged with two counts of first-degree murder and one count of

possession of a firearm during the commission of a felony for the February 1999 shooting deaths of

Marcel Thomas and Eugene Hill. Upon the recommendation of trial counsel, David Cripps,

Petitioner knowingly and voluntarily signed a waiver of jury trial pursuant to Mich. Comp. Laws § 763.3 and Michigan Court Rule 6.402(B). Petitioner asserts, however, that shortly thereafter he sought to withdraw his waiver through his attorney before the bench trial commenced, but that Cripps was non-responsive to his requests. Petitioner discussed his uneasiness about the lack of communication with Cripps and the upcoming bench trial with Anne Claire Van Ash, his attorney for an unrelated matter. Van Ash attempted to contact Cripps on Petitioner's behalf, but was equally unsuccessful. She wrote Cripps a letter in which she stated that Petitioner was having second thoughts about waiving his right to a jury trial, but Cripps never responded to her. Petitioner asserted that he did not speak with Cripps until the day of trial, and it was then that Cripps informed him that his request to withdraw his jury waiver was "too late." (R. 51, at PID #1349.)

**B.      Procedural History**

*Trial and Sentence*

After a seven-day bench trial, Petitioner Raschid Zimmerman was convicted on two counts of second-degree murder, in violation of Mich. Comp. Laws § 750.317, for the shooting deaths of Marcel Thomas and Eugene Hill, and on one count of felony possession of a firearm, in violation of § 750.227b. Although there was no physical evidence tying Petitioner to the crimes, two witnesses for the state testified that Petitioner was present at a party hosted by the witnesses and victims, that Petitioner was dressed in a bulletproof vest and was carrying two weapons, and that he began arguing with the victims immediately before the murders occurred. The trial court found the two witnesses credible, but convicted Petitioner of second-degree murder because there was insufficient evidence to establish that the murders were premeditated, as required for first-degree

murder. Petitioner was sentenced as a habitual offender to two concurrent terms of thirty to fifty years' imprisonment for the murder convictions, and a consecutive two-year sentence for the possession charge.

*Direct Appeal*

Petitioner appealed his conviction to the Michigan Court of Appeals. His appellate counsel argued a number of evidentiary issues that are not at issue in this appeal. Petitioner submitted a *pro per* brief in connection with his appeal,[1] which asserted several bases for an ineffective-assistance-of-trial-counsel claim. The Michigan Court of Appeals listed the "spurious claims" identified in Petitioner's *pro per* brief:

> Specifically, he argue[d] that his attorney (1) presented no theory of innocence, (2) failed to investigate and present a defense, (3) failed to meet with defendant prior to trial, (4) gave defendant "false 'legal advice'" which caused him to unintelligently waive his right to testify regarding an alibi, (5) failed to impeach prosecution witnesses, and (6) failed to learn from police that witnesses gave differing statements regarding the crime, failed to interview those witnesses and failed to present that evidence to the court.

*People v. Zimmerman*, No. 225984, 2002 WL 483428, at *2 (Mich. Ct. App. March 29, 2009). Notably, the list did not specifically mention counsel's alleged failure to seek withdrawal of Petitioner's jury waiver, although Petitioner raised the issue as "incorrect legal advice." (*See* R. 19, Pet'r Supplemental Br., at PID #842 ("Incorrect legal advice by the attorney that causes the

---

[1]Michigan law permits indigent criminal defendants who insist on raising a claim against the advice of counsel to file a *pro per* brief within 84 days after the brief submitted by counsel is filed. *See* Admin. Order 2004-6, Standard 4, available at http://courts.mi.gov/Courts/MichiganSupreme Court/CurrentCourtRules/3AdministrativeOrderstest.pdf.

defendant to waive a legal right (here, the right to jury trial) is ineffective essistence [sic] of counsel.")).

The Michigan Court of Appeals explained that Petitioner failed to move for a new trial or properly seek an evidentiary hearing, thus limiting the court's review to a trial record devoid of any evidence that "his attorney failed to meet with him prior to trial, gave him erroneous legal advice, and failed to adequately investigate the case before trial." *Zimmerman*, 2002 WL 483428, at *3. Consequently, the state court denied relief for these claims for lack of evidence and determined that the record clearly controverted Petitioner's remaining ineffective-assistance-of-counsel claims.

In May 2002, Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising all of the claims presented to the Court of Appeals and a new claim asserting that appellate counsel provided ineffective assistance when counsel failed to assist with his *pro per* brief and failed to raise the ineffective-assistance-of-trial-counsel claim on his behalf. Petitioner sought either reversal of the lower appellate court or remand to the trial court for an evidentiary hearing on the ineffective-assistance-of-counsel claims. The Michigan Supreme Court denied his application and denied the motion to remand. *People v. Zimmerman*, 654 N.W.2d 327 (Mich. 2002) (Table) .

*Post-Conviction*

In January 2005, Petitioner filed a subsequent motion for relief from judgment before the trial court pursuant to Michigan Court Rule 6.508, and again requested an evidentiary hearing to develop his ineffective-assistance-of-counsel claims, but that motion was also denied. The trial court concluded that Petitioner's ineffective-assistance-of-counsel claims against trial counsel, including the jury-trial-waiver claim, were barred because they had already been adjudicated on the merits by

the Michigan Court of Appeals,[2] and that his claims against appellate counsel lacked merit. Both the Michigan Court of Appeals and the Michigan Supreme Court denied relief on appeal. *See People v. Zimmerman*, 725 N.W.2d 339 (Mich. 2006); (R. 19, Ex. 18, Mich. Ct. App. Order, PID #1060).

In August 2003, Petitioner filed a petition for a writ of habeas corpus in federal court, which was held in abeyance by the district court until Petitioner exhausted his available state court remedies. In April 2007, after the denial of his motion for relief from judgment, Petitioner filed an amended habeas petition with claims against both his trial and appellate counsel. Petitioner asserted an ineffective assistance claim against his trial counsel for failing to visit him prior to trial and in connection with the jury-trial-waiver claim, and against his appellate counsel for failing to raise the trial counsel claim on direct appeal on Petitioner's behalf or assist him with his *pro per* supplemental brief. He also moved for an evidentiary hearing.

The case was referred to a magistrate judge, who recommended granting Petitioner an evidentiary hearing. The magistrate judge determined that the ineffective-assistance-of-trial-counsel claim was rejected on the merits by the Michigan Court of Appeals, and thus, was not procedurally barred. And though an evidentiary hearing may not have been warranted on the ineffective assistance claim against trial counsel standing alone because of Petitioner's failure to diligently pursue the claim in state court, the claim was inextricably intertwined with the ineffective assistance claim against appellate counsel, which merited an evidentiary hearing. The magistrate judge noted

---

[2]Michigan Court Rule 6.508(D)(2) bars claims that "were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision."

that there was no evidence in the existing record to support either claim, so that if the district court were to deny an evidentiary hearing, the petition should also be denied.

No objections to the magistrate judge's report and recommendation concerning the evidentiary hearing were filed, and the district court adopted the report and recommendation in its entirety. An evidentiary hearing was held thereafter before the magistrate judge, who recommended denying habeas relief on all claims. The magistrate judge determined that the jury-trial-waiver claim failed, in part because Petitioner had not established that trial counsel provided constitutionally deficient assistance under the first prong of the *Strickland* inquiry. Specifically, the magistrate judge determined that there was insufficient evidence to prove that Petitioner actually instructed counsel to seek withdrawal of the jury trial waiver. The testimony of Van Ash, Petitioner's attorney for an unrelated matter, established only that Petitioner was having second thoughts about waiving the jury trial, and her letter to trial counsel asserted the same; she did not testify, nor did her letter indicate, that Petitioner definitively asserted his desire to withdraw the jury trial waiver. Moreover, the magistrate judge found that Petitioner was not credible in his testimony in which he claimed that he asked trial counsel to withdraw the jury trial waiver.

In March 2011, over Petitioner's objections to the magistrate judge's findings on the ineffective-assistance-of-trial-counsel claim, the district court expressly affirmed the magistrate judge's credibility determination and adopted the report and recommendation in its entirety to deny the habeas petition. However, the district court granted a certificate of appealability with respect to the jury-trial-waiver claim only.

Petitioner then applied for a certificate of appealability from this Court for his other habeas claims, which was denied in January 2012 to the extent the certificate had not already been granted by the district court. This Court also denied Petitioner's subsequent motion to reconsider. Thus, the only question before us is whether the district court properly denied relief on Petitioner's claim that trial counsel ignored his request to withdraw his jury trial waiver. We find that relief was properly denied for the following reasons.

## DISCUSSION

**A.      Standard of Review and Applicable Law**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, apply to the instant appeal because Petitioner filed his petition after the effective date of the statute. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). Accordingly, "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006) (citation and internal quotation marks omitted). This Court will grant habeas relief only if the state court's decision: 1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or 2) "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

The Supreme Court has made clear that the AEDPA standard is "difficult to meet" and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011). Such decisions are "contrary to . . . clearly established federal law" when the state court arrives at a conclusion contrary to that of the Supreme Court on a question

of law or decides the case differently than the Supreme Court has decided a case on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405 (2000). Alternatively, state court decisions may "involve[] an unreasonable application of clearly established federal law" when the state court identifies the correct Supreme Court rule but unreasonably applies it to the facts of the case or unreasonably holds for or against extending an existing legal principle to a new context. *Id.* at 407. With respect to a state court's factual determinations, such determinations are presumed correct, rebuttable only by "clear and convincing evidence" that the state court based its determination on an "unreasonable determination of the facts." *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007).

The AEDPA standard for habeas relief is even more elusive in light of the Court's recent decision in *Pinholster*, in which it limited § 2254(d)(1) review to the state court record. 131 S. Ct. at 1399. Though onerous, this requirement makes sense in that to find that the state court's decision was contrary to or an unreasonable application of federal law, courts sitting in habeas review should look to what was before the state court in making its determination. Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review" when a "claim has been adjudicated on the merits by a state court." *Id.* at 1400.

The clearly established principle of law implicated in the instant case is the right to counsel guaranteed by the Sixth Amendment. Our analysis on this claim is instructed by the two-part test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to demonstrate ineffective assistance of counsel, Petitioner must have shown: 1) that counsel's performance was deficient, and 2) that the deficiency prejudiced his defense such that he was

deprived of a fair trial.[3]  *See id.* With respect to the deficient performance prong, counsel's performance is assessed based on an objective standard of reasonableness in light of prevailing professional norms. *Id.* at 688. Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Consequently, the strong presumption of *Strickland* coupled with AEDPA deference constitutes a high hurdle for habeas petitioners to overcome, *Harrington v. Richter*, ---U.S. ---,131 S. Ct. 770, 788 (2011), and one that Petitioner fails to clear.

**B.     Basis for Denial of the Petition**

The Michigan Court of Appeals reasonably found that, based on the record before it, which was devoid of any evidence pertaining to trial counsel's pretrial conduct, there was insufficient evidence to support Petitioner's jury-trial-waiver claim.[4]  Petitioner failed to develop the claim in the state court and, in the absence of an evidentiary hearing, there is nothing in the state court record to support his assertion that, before the bench trial commenced, Petitioner's trial counsel disregarded his instruction to withdraw his jury trial waiver. Consequently, the state court record fails to indicate

---

[3]The district court adopted the magistrate judge's determination that the Supreme Court's recent decision in *Premo v. Moore*, 131 S. Ct. 733 (2011), compelled a departure from the strong dicta in *Johnson v. Sherry*, 586 F.3d 439, 447 (6th Cir. 2009), which suggested that prejudice is presumed when the deficient performance results in a structural error. Because this case can be resolved under the deficient-performance prong, we do not reach the issue of whether *Premo* bars a presumption of prejudice for *Strickland* claims.

[4]Petitioner argues for the first time in his reply brief that the Michigan Court of Appeals did not adjudicate the jury-trial-waiver claim on the merits. Not only is this argument waived, *see Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010), but it is also unconvincing under *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770 (2011), which compels a strong presumption that the state court adjudicated the claim on the merits in the absence of a procedural bar.

that the Michigan Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented.

Petitioner argues that there was sufficient evidence adduced from the evidentiary hearing held in federal court to support his jury-trial-waiver claim for habeas relief. However, if Petitioner is to "overcome the limitation of § 2254(d)(1)," he must do so "on the record that was before the *state* court." *Pinholster*, 131 S. Ct. at 1400 (emphasis added). Though *Pinholster* was decided after the evidentiary hearing in this case was held and after the district court's order was filed, we are nonetheless bound by its ruling. *Franklin v. Bradshaw*, 695 F.3d 439, 451 (6th Cir. 2012). Federal courts sitting in habeas review cannot act as "alternative forum[s] for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Pinholster*, 131 S. Ct. at 1401 (citing *Williams*, 529 U.S. at 437). Notably, in recommending an evidentiary hearing, the magistrate judge acknowledged that this claim standing alone (without the appellate counsel claim) would not have merited an evidentiary hearing because Petitioner failed to diligently pursue the claim in state court.

Under the circumstances of this case, any evidence derived from an evidentiary hearing in federal court would not have been relevant to our analysis under the AEDPA standard of review. *See id*. at 1400; *Frankin*, 695 F.3d at 451. Accordingly, because the state court record is devoid of any evidence to support a finding that trial counsel disregarded his client's instruction to withdraw a jury trial waiver, the Michigan courts' disposition of the ineffective-assistance-of-counsel claims cannot be held to be unreasonable.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the district court's order denying Petitioner a writ of habeas corpus.