**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESSIE SIMPSON, III,<br><br>Petitioner - Appellant,<br><br>v.<br><br>JOHN MARSHALL,<br><br>Respondent - Appellee. | No. 12-55908<br><br>D.C. No. 2:09-cv-01825-MMM-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Essie Simpson appeals the district court's denial of his habeas corpus petition. Simpson alleges that his trial counsel was ineffective for failing to inform him that his guilty plea would require gang registration.[1] We affirm.

We review the district court's denial of a petition for a writ of habeas corpus de novo. *Blair v. Martel*, 645 F.3d 1151, 1154 n.1 (9th Cir. 2011). Because Simpson's federal habeas petition was filed after the enactment of AEDPA in 1996, that statute governs his petition. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). Simpson's ineffective assistance of counsel claim was made in his state court petition for habeas corpus, which the Supreme Court of California denied summarily. A summary denial constitutes a denial on the merits for AEDPA purposes. *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). If there is "any reasonable argument" supporting a summary denial, habeas corpus must be denied. *Id.* at 788.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), the habeas petitioner who alleges ineffective assistance of counsel must show both that counsel was ineffective and that the ineffectiveness prejudiced him. To show prejudice where

---

[1] Under California Penal Code § 186.30, a person convicted of a crime with a gang enhancement is required to register with the chief of police of the city in which he resides within 10 days of his release from custody or with 10 days of his arrival in the city, whichever occurs first.

2

the petitioner has pleaded guilty pursuant to a plea bargain, the petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

We assume without deciding that Simpson's counsel was ineffective, and conclude that Simpson cannot establish prejudice. Simpson argues that he had a subjective desire to avoid being marked as a gang member, and would have traded a longer prison sentence for a chance to avoid being officially pegged as a gang member. Simpson proffers no other explanation why the gang registration requirement would lead him to reject the plea bargain. And Simpson does not claim that if the gang registration requirement did *not* exist, he would *not* have pleaded guilty. Thus, what pegs him as a gang member is the guilty plea colloquy, which would have occurred regardless the gang registration requirement. Simpson was officially pegged as a gang member when he admitted during the plea colloquy to having committed the crime "for the benefit of, in connection with, or in association with" a gang; the gang registration requirement of which he now complains is thus not the only cause of his being labeled a gang member. Thus, were we to find that Simpson was not told of the gang registration requirement and that it would be rational to reject a plea bargain to avoid being labeled a gang member, Simpson's petition would nonetheless fail.

3

Because the California Supreme Court could reasonably have determined that Simpson was not prejudiced by his counsel's ineffectiveness, this court cannot grant Simpson's habeas petition. The district court's judgment denying Simpson's habeas petition is therefore

**AFFIRMED.**