Filed 9/15/16  P. v. Thomas CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY LEE THOMAS,<br><br>    Defendant and Appellant. | B270554<br><br>(Los Angeles County<br>Super. Ct. No. MA063283) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

We affirm defendant and appellant Jeffrey Lee Thomas's conviction for two counts of lewd act upon a child and one count of continuous sexual abuse. His sole argument that his trial was unfair because the court allowed evidence of currently uncharged sexual offenses repeatedly has been rejected, including by our Supreme Court.

## BACKGROUND

Defendant was convicted of two counts of lewd act upon a child under 14 (Pen. Code, § 288, subd. (a)) (Melissa and Anna). Defendant also was convicted of the continuous sexual abuse of a child under 14 (Pen. Code, § 288.5, subd. (a)) (Melissa). With respect to all counts, jurors found that defendant was convicted of violating section 288 or section 288.5 against more than one victim. Defendant admitted that he suffered a prior conviction for committing a lewd act on a child with force (§ 288, subd. (b)(1)) and two convictions for committing a lewd act on a child (§ 288, subd. (a)). Defendant also admitted that he was in violation of his probation. Defendant was sentenced to a prison term of 270 years to life.

### 1. Evidence at Trial Overwhelmingly Supported the Judgment

Melissa and Anna are sisters. At the time defendant molested them, he was their mother's boyfriend, and he visited regularly in their home.

Melissa met defendant when she was eight years old. One day, when she was almost nine, Melissa was alone with defendant in her living room; her mother and sister were elsewhere in the apartment. Defendant rubbed Melissa's vagina for about five minutes. Melissa told defendant to stop and tried to move his hand. Melissa did not tell her mother or her sister because she thought they would not believe her.

Two or three weeks later, defendant reached under Melissa's clothes and rubbed her vagina. Defendant told Melissa she "was a woman now." Defendant tried to insert his penis in Melissa's vagina, but she was able to push him away.

On another occasion, defendant grabbed Melissa's hand and put it on his penis. Defendant rubbed Melissa's hand up and down. He ejaculated. Another time, defendant rubbed his penis on Melissa's vagina. Defendant touched Melissa's breasts and her vagina.

Melissa testified that defendant touched her approximately three or four times a week every week over a three-year period (from 2010 to 2013). She repeatedly told him to stop touching her. Defendant told Melissa if she reported his conduct to her mother, her mother would not believe her. Melissa was scared to tell her mother because she did not want to be placed in foster care.

Anna testified that when she was about 13 years old, defendant touched her in her home. Defendant put his fingers in Anna's vagina and touched her breasts under her clothing. Anna said, "no." Defendant ignored her and warned her that no one would believe her if she reported him.

A few days later, defendant again put his fingers inside Anna's vagina and touched her breasts. While his fingers were inside Anna's vagina, defendant removed his clothing and put his hand on his penis. Defendant did not ejaculate. Anna did not tell her mother because defendant warned her no one would believe her. Defendant engaged in similar conduct about once a week over a two-year period.

Defendant did not testify and no witness testified for the defense.

## 2. Evidence of Defendant's Prior Sexual Misconduct Was Admitted over Objection

The court held a hearing outside the presence of jurors to address the admissibility of defendant's prior sexual offenses. The prosecutor argued that the evidence was relevant to prove defendant's intent. Defense counsel argued that the convictions were remote and the specific sexual acts were different. Defendant's counsel also argued that admission of the evidence violated his right to due process.

The court found evidence of defendant's prior sexual offenses admissible under Evidence Code section 1108.[1] The court concluded that section 352 did not bar the introduction of the evidence. The court reasoned that the charges were similar and the sexual conduct was similar. The prior offenses were not too remote because defendant had spent a significant portion of time between the offenses incarcerated.

---

[1] All further statutory references are to the Evidence Code.

In the presence of jurors, 23-year-old M.S. testified that when she was eight or nine years old defendant was her mother's boyfriend. Defendant lived with her mother in their one-bedroom apartment. M.S. was sick one day and came home early from school. That day, defendant licked her vagina. Defendant told her he would make her feel better. Defendant regularly touched her over and under her clothing approximately two times per week. Defendant also rubbed his penis against M.S.'s vagina. M.S. told her mother, but her mother did not believe her.

## DISCUSSION

Section 1108, subdivision (a) provides: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." On appeal, defendant argues that M.S.'s testimony deprived him of due process and violated his right to equal protection.

Defendant's arguments lack merit.

### 1. *Due Process*

In *People v. Falsetta* (1999) 21 Cal.4th 903, 917-918, 922 (*Falsetta*), our Supreme Court held that the introduction of evidence of prior sexual offenses under section 1108 does not violate due process. In 2011, our high court reaffirmed its holding that section 1108 does not violate due process. (*People v. Loy* (2011) 52 Cal.4th 46, 61 (*Loy*).) In 2014, our high court again upheld the constitutionality of section 1108. (*People v. Merriman* (2014) 60 Cal.4th 1, 46 (*Merriman*).) We are required to follow our high court and conclude that the introduction of M.S.'s testimony did not violate defendant's right to due process. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Defendant's only argument that *Falsetta* was wrongly decided is unpersuasive because his sole authority involved neither section 1108 nor evidence of prior sexual offenses. Defendant cites *Garceau v. Woodford* (9th Cir. 2001) 275 F.3d 769 (*Garceau*), reversed on another ground in *Woodford v. Garceau* (2003) 538 U.S. 202, in which the federal appellate court held that instructional error resulted in a due process violation.

4

(*Garceau*, at p. 776.)  Jurors were instructed that evidence of a prior murder, which was admitted without objection, could be considered to assess the defendant's character and his conduct on a specific occasion.  (*Id*. at p. 773.)  The court found the instruction prejudicial because the evidence in *Garceau* was not strong.  (*Id*. at p. 775.)

Here, no claim is made that jurors were improperly instructed.  *Garceau* therefore does not assist defendant.  Moreover, in contrast to *Garceau*, even if the introduction of the evidence was erroneous, the error was not prejudicial because the evidence was uncontradicted and overwhelming.  (*Chapman v. California* (1967) 386 U.S. 18.)  Melissa and Anna credibly testified about defendant's repeated sexual touching over multiple years.  They consistently testified defendant warned them not to tell their mother because she would not believe them.  No contrary testimony was admitted and there was no basis to disbelieve Melissa or Anna.  In any event, to the extent *Falsetta* and *Garceau* are in conflict, we must follow *Falsetta*.  (*Auto Equity Sales, Inc. v. Superior Court, supra*, 57 Cal.2d at p. 455.)  Moreover, *Garceau* predated our high court's decision in *Merriman* and *Loy*.

## 2.  Equal Protection

Defendant argues that his right to equal protection was violated because section 1108 permits propensity evidence only in cases involving sex offenses.  Defendant's argument is forfeited because he did not object on this ground in the trial court.  (*People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.)

On the merits, defendant's argument is unpersuasive.  The same argument was rejected almost two decades ago in *People v. Fitch* (1997) 55 Cal.App.4th 172, 184-185 (*Fitch*),  and uniformly has been rejected by other courts.  The *Fitch* court explained: "An equal protection challenge to a statute that creates two classifications of accused or convicted defendants, without implicating a constitutional right, is subject to a rational-basis analysis."  (*Id*. at p. 184.)  "Evidence Code section 1108 withstands this relaxed scrutiny.  The Legislature determined that the nature of sex offenses, both their seriousness and their secretive commission which results in trials that are primarily credibility contests, justified the admission of the relevant evidence of a defendant's

commission of other sex offenses.  This reasoning provides a rational basis for the law. Defendant's arguments as to the recidivism rate of sex offenders are unavailing.  In order to adopt a constitutionally sound statute, the Legislature need not extend it to all cases to which it might apply.  The Legislature is free to address a problem one step at a time or even to apply the remedy to one area and neglect others."  (*Id.* at pp. 184-185.)

We agree with the reasoning and result in *Fitch* and join the numerous courts that have followed *Fitch*.  (*People v. Waples* (2000) 79 Cal.App.4th 1389, 1395; *People v. Van Winkle* (1999) 75 Cal.App.4th 133, 140; see *Rogers v. Giurbino* (S.D.Cal. 2007) 619 F.Supp.2d 1006, 1016.)  Defendant fails to consider any of this relevant authority in advancing his equal protection argument further undermining his contention.

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

GRIMES, J.

6